DISSENTING OPINION BY
JUDGE BROBSON
I respectfully dissent. Under the current iteration of the Liquor Code (Code),[1] there is no express right to a favorable determination on an application to accept an inter-municipal transfer of a restaurant liquor license. Instead, the only rights afforded under the relevant section of the Code are the rights to a public hearing on the request and a decision by the municipality within forty-five days of the request. See Section 461(b.3) of the Code, as amended, 47 P.S. § 4-461(b.3). There is no dispute that Giant Food Stores, LLC (Giant) received both here.
In this appeal, Giant demands more. Giant, contending that a denial under Section 461(b.3) of the Code is an adjudication, argues that it is entitled to appeal the adverse decision to a court of common pleas under the Local Agency Law.[2] For these purposes, “adjudication” is defined, in relevant part, as follows:
Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made.
2 Pa. C.S. § 101. Unlike the majority, I do not see how Penn Township’s decision to deny the intermunicipal transfer in this matter “affect[ed]” a personal or property right, privilege, immunity, duty, liability, or obligation of Giant.
After this Court’s decision in SSEN, Inc. v. Borough Council of the Borough of Ed-dystone, 810 A.2d 200 (Pa. Cmwlth. 2002) (en banc), on which the majority relies, the General Assembly amended Section 461(b.3) of the Code in two material respects.[3] First, it deleted language that required municipalities to approve transfer requests unless they find “that doing so would adversely affect the welfare, health, peace and morals of the municipality or its residents.”[4] In other words, the General Assembly removed the provision that afforded the applicant a right to an approval absent a finding of statutory grounds for disapproval. Second, it deleted language that expressly authorized appeals to the court of common pleas from a denial.[5] By making these changes, the General Assembly clearly intended to reserve to local municipalities and them elected officials the exclusive right to either accept or reject intermunicipal transfers of liquor licenses above their allotted quota as they see fit, so long as the statutory process is followed. In doing so, the General Assembly clearly made a policy judgment that *265 the decision to create additional outlets (ie., above what is statutorily authorized) for the purchase and sale of alcohol within a particular municipality’s boundaries should lie with the local elected officials accountable directly and solely to the municipality’s residents. As noted above, Giant received everything to which it was entitled under Section 461(b.3) of the Code. It received a public hearing and a timely decision. Giant is not entitled to a favorable decision. By relying on and applying SSEN, decided under the pre-amendment version of Section 461 (b.3), the majority tacitly, and I suggest improperly, dismisses the General Assembly’s subsequent legislative action as a nonevent.
Under the prior version of the Code, the applicant in SSEN was entitled to much more than Giant is entitled to here. The applicant in SSEN was not only entitled to a public hearing and a timely decision, it was entitled to an “approv[al] ... unless” the municipality found a permitted ground for disapproval and an express right to challenge that determination in the courts of common pleas. SSEN, 810 A,2d at 204. Faced with these “rights,” entirely absent from the current language in the Code, this Court had to determine the appropriate standard of review for the courts of common pleas. Ultimately, the Court turned to the Local Agency Law for the answer, concluding that the denial in SSEN was an adjudication.
Unlike the majority, however, I reason that the Court’s conclusion in SSEN was based not on the express right to appeal found in the statute at that time, but on the express right to a favorable decision unless the municipality found a permitted ground for disapproval. This qualified right, grounded in the source statute, was one that this Court was bound to protect zealously, as a check and balance on executive branch action. See Bray v. McKees-port Hous. Autk, 114 A.3d 442 (Pa. Cmwlth. 2015) (en banc) (recognizing that applicants have a property interest in ensuring that application for relief is properly decided under standards set forth in governing law). When the General Assembly amended Section 461(b,3) of the Code, however, it removed all language that purported to create any right to a favorable decision and removed all standards against which a court could review an adverse decision for legality. In so doing, the General Assembly removed the very foundation of the Court’s conclusion in SSEN that denials under Section 461(b.3) of the Code are adjudications subject to judicial review under the Local Agency Law.
Giant’s gambit to acquire the Tredyffrin license, speculating that it would receive approval of the transfer to Penn Township, does not create a property right protected by the Local Agency Law. Describing the nature of property interests protected by due process, in Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the United States Supreme Court opined: “To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.” Board of Regents, 408 U.S. at 577, 92 S.Ct. 2701. In this case, at best, Giant had “an abstract need or desire for” the transfer of the Tredyffrin license to Penn Township or “a unilateral expectation of it.” It did not, however, have “a legitimate claim of entitlement to it” under the Code. Accordingly, Giant does not have a property interest in approval of the transfer.
As a matter of law, Giant acquired only that which the law recognizes — ie., a restaurant liquor license in Tredyffrin Township. Penn Township’s decision denying the request to transfer did not in any way adversely affect that property right. See *266 Guthrie v, Borough of Wilkinsburg, 505 Pa. 249, 478 A.2d 1279, 1288 (1984) (holding that employer warning letters were not adjudications appealable under Local Agency Law because, inter alia, “there was no concrete alteration of legal status”). Because the determination to deny Giant a transfer of the license into Penn Township did not adversely affect Giant’s restaurant liquor license in Tredyffrin Township, the adverse determination is not an adjudication subject to judicial review under the Local Agency Law.
Accordingly, I would affirm the order of the Court of Common Pleas of Chester County, dated June 23, 2016, quashing Giant’s appeal.
President Judge Leavitt and Judge Hearthway join in this dissenting opinion.

. Act of April 12, 1951, P.L. 90, as amended, 47 P.S. §§ 1-101 to 10-1001.

. 2 Pa. C.S. §§ 551-55, 571-54.

. Section 2 of the Act of November 29, 2006, P.L. 1421.

. Id.

. See id.